UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BLANK,<br><br>        Petitioner,<br><br>    v.<br><br>EDMUND G. BROWN, et al.,<br><br>        Respondents. | No. 2:13-cv-0217 TLN CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He is serving a sentence of fifteen years-to-life imprisonment imposed in 1990 in the Superior Court of San Joaquin County for second degree murder.  Essentially, petitioner challenges the fact that he has been denied parole.  Respondent has filed a motion to dismiss arguing that claims 1, 3 and 4 in petitioner's habeas petition fail to state cognizable grounds for federal habeas review.

    In 2011, the California Board of Parole Hearings granted petitioner parole.  That decision was later reversed by Governor Edmund G. Brown, Jr.  In his first claim, petitioner takes issue with factual conclusions drawn by Governor Brown based upon the evidence presented at the 2011 parole hearing.

    An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28

U.S.C. § 2254(a). It is well established at this point that those who have been denied parole in California do not have a federal right to review of the parole proceedings for sufficiency of evidence. <u>Swarthout v. Cooke</u>, 131 S. Ct. 862-63 (2011). Accordingly, petitioner's first claim fails to state a claim upon which relief can be granted and should be dismissed.

In his third and fourth claims, petitioner takes issue with rulings made by California Courts in collateral proceedings concerning his being denied parole. While petitioner does have some federal rights with respect to parole proceedings, <u>see</u> <u>Swarthout</u>, 131 S. Ct. at 862 (under the Due Process Clause of the Fourteenth Amendment, those being considered for parole have the right to be heard and be provided with a statement of reasons for denial of parole), he does not have a federal right to review of collateral proceedings in California courts which concern denial of parole.

For these reasons, it is plain that petitioner is not entitled to federal habeas relief with respect to claims 1, 3 and 4. Therefore, respondent's motion to dismiss should be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6); Rule 4, Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 4, 2013 motion to dismiss (ECF No. 12) be granted;
2. Claims 1, 3 and 4 in petitioner's petition for writ of habeas corpus be dismissed; and
3. Respondent be ordered to file an answer with respect to petitioner's claim number 2 within 30 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after

service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 8, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
blan0217.157