UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BLANK,<br><br>                      Petitioner,<br><br>     v.<br><br>EDMUND G. BROWN, JR.,<br><br>                      Respondent. | No.  2:13-cv-0217 TLN CKD<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims that the terms of his plea deal were violated when Governor Brown reversed the Board of Parole Hearings' ("Board's") grant of parole.  For the reasons set forth below, the petition should be denied for failing to state a federal habeas claim.

## BACKGROUND

In its September 11, 2012 judgment of petitioner's initial state petition for writ of habeas corpus, the Superior Court of California, County of San Joaquin, set forth the relevant factual background as follows:

> Petitioner was convicted by plea on May 11, 1990, of second degree murder, and sentenced on October 18, 1991, to a prison term of 15-years-to-life.  At a parole eligibility hearing held before the Board of Parole Hearings on November 29, 2011, the Board concluded that, "the prisoner is suitable for parole and would not

1

> pose an unreasonable risk of danger to society of a threat to public safety if released from prison." However, on April 26, 2012, pursuant to Article V, section 8 of the California Constitution and Penal Code section 3041.2, Governor Edmund G. Brown, Jr., reversed the Board's decision to grant Petitioner parole release.

ECF No. 17, Ex. 2. The Superior Court denied the petition, finding that petitioner failed to state a claim on which relief can be granted. Id.

On October 15, 2012, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. ECF No. 17, Ex. 3, 2-13. On October 25, 2012, the Court of Appeal denied the petition without comment or citation. ECF No. 17, Ex. 4. On November 6, 2012, petitioner filed a petition for review in the California Supreme Court. ECF No. 17, Ex. 5, 2-17. On December 12, 2012, the California Supreme Court denied the petition without comment or citation. ECF No. 17, Ex. 6.

On February 5, 2013, petitioner filed the present federal petition for writ of habeas corpus, raising four separate claims. ECF No. 1. On motion from respondent, this Court dismissed petitioner's first, third, and fourth claims. ECF Nos. 12, 15, and 16. On October 25, 2013, respondent filed an answer to the petition's second claim. ECF No. 17. On November 20, 2013, petitioner filed a traverse. ECF No. 18.

## ANALYSIS

I. AEDPA

The statutory limitations of federal courts' power to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The text of § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25, 123 S. Ct. 357, 154 L.Ed.2d 279 (2002).

The Supreme Court has held and reconfirmed "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington v. Richter, 131 S. Ct. 770, 785 (2011). Rather, "when a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 784-785, citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785. The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early v. Packer, 537 U.S. 3, 8 (2002).

Both the California Appeals and Supreme Courts reached the merits of petitioner's claims when they denied his petitions for review without comment or citation to authority. Gaston v. Palmer, 417 F.3d 1030, 1038 (9th Cir. 2005), amended by, 447 F.3d 1165 (9th Cir. 2006), cert. denied, ___ U.S. ___, 127 S. Ct. 979, 166 L.Ed.2d 742 (2007); Hunter v. Aispuro, 982 F.2d 344, 348 (9th Cir. 1992), cert. denied, 510 U.S. 887, 114 S. Ct. 240, 126 L.Ed.2d 194 (1993). "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594, 115 L.Ed.2d 706 (1991); Castillo v. McFadden, 399 F.3d 993, 1001 (9th Cir. 2004), cert. denied, 546 U.S. 818, 126 S. Ct. 348, 163 L.Ed.2d 58 (2005). Thus, in addressing petitioner's claim, this Court will consider the reasoning of the San Joaquin County Superior Court. Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007) (en banc); Stenson v. Lambert, 504 F.3d 873, 884 (9th Cir. 2007). However, to the extent petitioner's claims have not been addressed by any reasoned state court decision, this Court must conduct "an independent review of the record . . . to determine whether the state court clearly erred in its application of controlling federal law." Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir.

1    2000); Brown v. Ornoski, 503 F.3d 1006, 1010-11 (9th Cir. 2007).

2    II. Petitioner's Claim

3    Petitioner asserts that the governor's reversal of the Board's finding is a violation of his plea agreement. ECF No. 1, 4. Petitioner also contends that the governor's decision violates the earned credit provisions of his sentence and California's punishment and parole statutes. Id. at 17. California amended Article V, section 8 of the California Constitution in November 1988 allowing the Governor a 30–day period to "affirm, modify or reverse" any decision of the Board of Parole Hearings (the "Board"), "with respect to the granting, denial, revocation, suspension or parole of a person sentenced to an indeterminate term upon a conviction of murder." Cal. Const., Art. 5, § 8(b); Cal. Penal Code Ann. § 3041.2. Thus, the final parole decision-making authority lies in the hands of the governor, not the Board. See Johnson v. Gomez, 92 F.3d 964, 967 (9th Cir. 1996). However, the governor must use the same criteria as the Board in affirming or rejecting the Board's determination. Id.

In assessing petitioner's claim, the Superior Court found:

> In judicial review of the Governor's reversal of the Parole Board's decision, "not only must there be some evidence to support the [Governor's] (sic) factual finding, there must be some connection between the findings and the conclusion that the inmate is currently dangerous." (In re Ryner (2011) 196 Cal.App.4th 533, 545, internal citation and quotation marks omitted.) "The aggravated nature of the crime does not in and of itself provide some evidence of current dangerousness to the public unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative to the statutory determination of a continuing threat to public safety." (Id., internal citations and quotation marks omitted.)
>
> In his Statement of Indeterminate Sentence Parole Release Reivew (Petitioner's Ex. A), Governor Brown summarizes the facts of Petitioner's commitment offence. Briefly, Petitioner's victim was his 3 year old step-son, who died from blunt force trauma while in Petitioner's care, and a resulting investigation revealed a pattern of severe physical abuse that began when the child was 1 year and 11 months old - the time at which Petitioner began dating his mother. Governor Brown concluded that:
>
>> "Mr Blank brutally abused and killed his toddler stepson. Brandon was an innocent victim who did not pose a threat to Mr. Blank, given his age and size

> and could not have fought back or summoned help. The severe abuse that caused Brandon's death was not an isolated incident. Mr. Blank physically abused Brandon on repeated occasions over an extended period." (Ex. A.)
>
> The Governor went on to explain that he was concerned that Petitioner has minimized the degree to which he abused his stepson, noting that, in 2011, Petitioner admitted to the Board that he regularly abused his stepson, and that a psychological report in 2010 concluded that Petitioner had only made "some incremental improvements" in minimizing his abuse of Brandon. The Governor concluded that, "[u]ntil Mr. Blank shows that he understands how and why he repeatedly abused his stepson tot he (sic) point of death, I cannot be assured that it is safe to release him from prison." (Ex.A.)
>
> Governor Brown has concluded that the circumstances of the commitment offense do establish something in Petitioners current mental state regarding Petitioners's (sic) continuing threat to public safety.

ECF No. 17, Ex. 2. As previously mentioned, the Superior Court went on to deny the petition. Id.

Plaintiff makes no claim that the Superior Court's decision was contrary to or involved an unreasonable application of federal law. Nor does he claim that it resulted in a decision that was based on an unreasonable determination of the facts. Instead, he argues that as a model prisoner he has a reasonable expectation to be released on parole after completing his term as agreed to in his plea agreement and after being found suitable for parole by the Board on two separate occasions. ECF No. 1, 17.

Plaintiff entered into his plea agreement in 1991, after California amended its constitution giving parole decision-making authority to the governor. The Ninth Circuit has found that "[i]n California, contracts (including plea bargains) are deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws." Davis v. Woodford, 446 F.3d 957, 962 (9th Cir. 2006) (quotations omitted). Plaintiff did not provide the terms of his plea agreement or any evidence that he was promised that the Board would have sole discretion to grant him parole or that the governor could not reverse the Board's granting of parole. Thus, his claim is without merit. See Johnson v. Finn, 468 Fed.Appx. 680, 684 (9th Cir. 2012).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus (ECF No. 1) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: January 29, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

cc
blan0271.57